IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| AMIT SINHA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv- |
| | ) |
| BRADLEY UNIVERSITY, | ) Plaintiff demands trial by jury |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, AMIT SINHA, by and through his attorneys, JULIE L. GALASSI AND DUSTIN R. JENSEN OF HASSELBERG, ROCK, BELL & KUPPLER, LLP, states the following for his COMPLAINT:

## PARTIES

1. Plaintiff, Amit Sinha ("Sinha"), resides in Peoria County, Illinois.

2. Defendant, Bradley University, is an Illinois Not-For-Profit Corporation located in Peoria, Illinois.

## JURISDICTION AND VENUE

3. Jurisdiction lies pursuant to Title 28, U.S.C., Section 1331, Title 29, U.S.C., Section 621, et seq., and Title VII, 42 U.S.C. 2000e, et seq. This is a civil action arising under the laws of the United States guaranteeing employees protection against discriminatory treatment in employment because of their opposition to age discrimination and sex.

1

4. Charges of employment discrimination on the basis of sex and retaliation were filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the commission of the unlawful employment practice alleged herein.

5. Notifications of Right to Sue were received from the EEOC on or about June 7, 2018, bearing a mailing date of June 4, 2018. A true and correct copy of the Right to Sue Notices are attached as Exhibit A.

6. This Complaint has been filed within 90 days of receipt of the EEOC's Notifications of Right to Sue.

7. All acts and events alleged in this Complaint occurred in Peoria County, in the State of Illinois. This action is therefore based on claims that arose within this judicial district. Venue lies in this district pursuant to 28 U.S.C. §1391 and Local Rule 40 of the Central District of Illinois.

## FACTUAL ALLEGATIONS

8. Sinha was hired as an Assistant Professor by Bradley in August 2008.

9. In August 2012, Sinha was promoted to the position of an Associate Professor of Finance.

10. From August 2013 until March 22, 2017 Sinha served as the Chair of the Department of Finance and Quantitative Methods (hereinafter referred to as "Department").

11. At all relevant times Darrell Radson (hereinafter referred to as "Radson") was Sinha's immediate supervisor.

12. As Department Chair, Sinha was in charge of course scheduling, supervising department faculty and secretary, providing annual evaluations for the department faculty and secretary, as well as writing reports and other matters relating to the administration of the Department.

13. During the time Sinha served as Chair of the Department, the makeup of the department faculty included approximately five members who were over the age of 65.

14. Prior to Sinha's election as Chair of the Department by the Department faculty members, Radson made known that he wanted a female to be named as Chair of the Department.

15. After Sinha became Chair, Radson openly stated that he wanted the faculty members over the age of 65 to retire. Radson stated that Faculty Member No. 1 (over the age of 65) would never retire if the member was allowed to teach online courses. Despite Sinha's opposition, Radson took several steps to prevent Faculty Member No. 1 from teaching online courses.

16. Radson stated several times that Faculty Member No. 2 (over the age of 65) should retire notwithstanding that the member's performance was more than adequate and his research was productive.

17. Radson specifically stated that he wanted Faculty Member No. 2 to retire citing his age as a factor.

18. Sinha refused to give Faculty Member No. 3 (over the age of 65) a difficult schedule in order to facilitate his retirement. Sinha was specifically told

that if he ever repeated that he had been instructed to obtain Faculty Member No. 3's retirement, it would be denied.

19. Radson stripped away Faculty Member No. 4's (over the age of 65) Chair Professorship without reason. Sinha was told by Radson that he would not talk to faculty members about why he was trying to make them retire.

20. Against Sinha's recommendation, Radson refused to let Faculty Member No. 1 and Faculty Member No. 4 take a sabbatical because it would mean Faculty Member No. 1 and Faculty Member No. 4 would have to remain employed for one year after the conclusion of their sabbatical leave.

21. Faculty Member No. 5 (over the age of 65) was refused future employment and given a terminal contract despite the fact that his reviews were more than adequate. Faculty Member No. 5 was terminated for no stated reason. Later, Radson specifically rejected a proposed course schedule, for a younger faculty member, telling Sinha that the proposed course schedule would show that the justification given for Faculty Member No. 5 had not been true.

22. Radson told Faculty Member No. 2 at their first meeting that he did not know how old Faculty Member No. 2 was but if Radson were his age he would retire. Much of Radson's first meeting with Faculty Member No. 2 was spent trying to convince Faculty Member No. 2 of the virtues of retirement. In August of 2016, Radson provoked a heated argument with Faculty Member No. 2 for over two hours. Within hours, Faculty Member No. 2 suffered a heart attack.

23.  Sinha requested that Radson formally apologize to Faculty Member No. 2.

24.  In the fall of 2016, Radson requested Sinha prepare a proposal to hire a new faculty member. Sinha refused to do so pointing out that it was unnecessary given the current roster of faculty members which included the remaining four Faculty Members over the age of 65.

25.  In the fall of 2016 Sinha applied for promotion to full Professor. Thereafter, the personnel committee of the Department recommended Sinha for promotion.

26.  Radson, without citing any reasons, informed Sinha that he would not recommend him for promotion to the position of full Professor at that time.

27.  On March 22, 2017, Radson informed the Department faculty that Sinha was being removed as Chairperson. Radson then advised Sinha of his removal via email. Radson told Sinha his leadership was no longer needed.

28.  Sinha's removal as Chair of the Department was in violation of Bradley's handbook procedures and prior practice. Bradley has no objection to the continued leadership of a convicted sex offender who remains Chairperson of another department.

29.  After Sinha's removal, a female from another department with no knowledge of finance and quantitative methods was appointed as Department Chair.

30.  The new female Chair was recommended by Radson.

5

31. The new female Chair stated she would do Radson's bidding.

32. After the female Chair was appointed, she and/or Radson revoked Faculty Member No. 1's online course, put forward a proposal to hire new faculty, and moved all the elderly professors and Sinha to a separate corner in another building away from the rest of the Department.

33. The new female Chair repeatedly demanded to know why Faculty Member No. 2 would not assume his full job duties before his release from the cardiologist.

34. The new female Chair thereafter demanded Faculty Member No. 2 physically move a refrigerator in violation of his doctor's orders.

35. Before Sinha's demotion on March 22, 2017 he had repeatedly refused to implement policies or changes to make the jobs of older faculty less desirable and push them to retire.

36. There was no justifiable reason for the denial of Sinha's promotion to full Professorship.

COUNT I
SINHA'S CLAIM OF A VIOLATION OF TITLE VII
42 U.S.C. 2000e, *et seq.*

37. Sinha re-alleges and incorporates allegations 1-36 into this Count.

38. Sinha suffered at least the following adverse actions because of his sex:

a. he was removed as Department Chair; and

b. he was denied promotion.

39. The actions by Bradley and its agents described in this complaint were motivated by animus toward Sinha's sex and with the intent to cause an adverse action.

WHEREFORE, Plaintiff, Amit Sinha, respectfully requests that this Court enter judgment in his favor and against Defendant, Bradley University, and grant the following relief:

A. An injunction requiring Defendant to reinstate Plaintiff in the position from which he was terminated and promote him to full Professor, or in lieu thereof award him monies equal to lost future wages and benefits;

B. An injunction prohibiting Defendant from any further prohibited discrimination against Plaintiff;

C. Back pay that Plaintiff would have earned, together with related monetary benefits and interest thereon;

D. Compensatory damages in an amount determined at trial of this matter;

E. An award of Plaintiff's attorney fees, including legal expenses, and costs; and

F. Such further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

COUNT II
SINHA'S CLAIM OF A VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT VIA RETALIATION
29 U.S.C., Section 621, *et seq.*

40. Sinha re-alleges and incorporates allegations 1-36 into this Count.

41. Sinha engaged in statutorily protected conduct in at least the following ways:

a. actively opposed and refused to discriminate against elderly employees; and

b. filing a complaint and charge of discrimination with the IDHR and EEOC.

42. Sinha suffered at least the following adverse actions because of his statutorily protected conduct:

a. he was removed as Department Chair; and

b. he was wrongfully denied promotion.

43. Sinha suffered the above-described adverse actions, because he engaged in the above-described statutorily protected activity.

44. The actions by Bradley and its agents described in this complaint were motivated by animus toward Sinha's statutorily protected activity and with the intent to cause an adverse action.

WHEREFORE, Plaintiff, Amit Sinha, respectfully requests that this Court enter judgment in his favor and against Defendant, Bradley University, and grant the following relief:

A. An injunction requiring Defendant to reinstate Plaintiff in the position of Department Chair and promote him to full Professor, or in lieu thereof award him monies equal to lost future wages and benefits;

  B. An injunction prohibiting Defendant from any further prohibited discrimination against Plaintiff;

  C. Back pay that Plaintiff would have earned, together with related monetary benefits and interest thereon;

  D. Compensatory damages in an amount determined at trial of this matter;

  E. An award of Plaintiff's attorney fees, including legal expenses, and costs; and

  F. Such further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

        Amit Sinha,
         Plaintiff

        By: _/s/ Julie L. Galassi_____
         One of his attorneys

JULIE L. GALASSI, ESQ. (ARDC #06198035)
DUSTIN R. JENSEN, ESQ. (ARDC #6306248)
HASSELBERG, ROCK, BELL & KUPPLER, LLP
Suite 200, Associated Bank Building
4600 N. Brandywine Drive
Peoria, Illinois 61614-5591
Telephone: (309) 688-9400
Facsimile: (309) 688-9430
Email: jgalassi@hrbklaw.com
   djensen@hrbklaw.com
   dwarner@hrbklaw.com
T:\J&J ASST\WPDOCS\JLG\SINHA, AMIT\FEDERAL CASE\WORKING\PLEADINGS\FEDERAL COMPLAINT.DOCX

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| **To:** Amit Sinha<br>c/o Julie L. Galassi, Esq<br>4600 North Brandywine Drive, Suite 200<br>Associated Bank Building<br>Peoria, IL 61614-5591 | **From:** Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2018-00855 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/SP*          June 4, 2018
Julianne Bowman,              (Date Mailed)
District Director

Enclosures(s)

cc:
Chief Executive Officer
BRADLEY UNIVERSITY
1308 W Bradley Avenue
Peoria, IL 61606


EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Amit Sinha<br>c/o Julie L. Galassi, Esq.<br>4600 North Brandywine Drive, Suite 200<br>Associated Bank Building<br>Peoria, IL 61614-5591 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2017-01826 | Daniel Lim,<br>State & Local Coordinator | (312) 869-8082 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Julianne Bowman/SP*
**Julianne Bowman,
District Director**

June 4, 2018
(Date Mailed)

cc:

Chief Executive Officer
BRADLEY UNIVERSITY
1308 W Bradley Avenue
Peoria, IL 61606

EXHIBIT A